UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JILL ST. CLAIRE (dba JSC MARKETING, LLC),<br><br>            Petitioner,<br><br>    vs.<br><br>UNITED STATES OF AMERICA,<br><br>            Respondent. | CASE NO. 09cv2859-IEG(JMA)<br><br>Order Granting Government's Motion to Summarily Deny Petition to Quash IRS Summons |

Petitioner Jill St. Claire, dba JSC Marketing, LLC ("Petitioner") has filed a petition to quash two IRS summonses issued to the Cabrillo Credit Union on November 27, 2009. The government has moved the Court to summarily dismiss the petition, arguing Petitioner failed to file her petition within 20 days after the IRS gave notice of the summons pursuant to 26 U.S.C. § 7609(b)(2) and also arguing that the Petitioner cannot rebut the government's *prima facie* showing under United States v. Powell, 379 U.S. 48 (1964) . Petitioner has filed an opposition and the government has filed a reply. For the reasons explained herein, the Court GRANTS the government's motion and summarily denies the petition.

### *Background*

Revenue Agent Tiffany Brouse is conducting an investigation into Petitioner's federal income tax liabilities for the taxable years 2006 and 2007. [Declaration of Revenue Agent Tiffany Brouse ("Brouse Decl."), ¶ 3.] On November 18, 2009, Revenue Agent Brouse mailed a letter to

1  Petitioner informing her that her 2006 and 2007 tax returns had been selected for examination.
2  [Brouse Decl., ¶ 4.]  The letter requested that Petitioner contact Revenue Agent Brouse by
3  November 25, 2009.  [Brouse Decl. ¶ 4.]  It appears that Revenue Agent Brouse's letter was
4  originally returned for insufficient postage, and Petitioner did not receive that letter until
5  December 7, 2009.  [Petition to Quash, Exhibit D.]
6       In addition to sending a letter to Petitioner on November 18, 2009 letter, Revenue Agent
7  Brouse issued two IRS administrative summonses to Cabrillo Credit Union, a third party record-
8  keeper, pursuant to 26 U.S.C. § 7603(b)(2).  Revenue Agent Brouse served those summonses on
9  Cabrillo Credit Union by certified mail on November 27, 2009.  [Brouse Decl., ¶ 8.]  One
10  Summons required production of all signature cards, bank statements, and deposit slips for
11  Petitioner's bank account for the period December 1, 2005 through January 31, 2008.  The other
12  summons required production of all records associated with loans Petitioner applied for during the
13  same time period. [Brouse Decl., ¶ 8, Exhibits C and D.]  On November 27, 2009, Revenue Agent
14  Brouse also sent notice of the Cabrillo Credit Union summonses to Petitioner by certified mail to
15  Petitioner's last known address.  [Brouse Decl., ¶ 11.]  Petitioner accepted the certified mail
16  envelope on December 7, 2009. [Id.]
17       The IRS does not possess any of the information or documents requested in the
18  summonses. [Brouse Decl., ¶ 9.]  Revenue Agent Brouse needs the information and documents
19  called for in the summonses in order to complete her investigation into whether Petitioner
20  understated her income or borrowed money during 2006 and 2007, which is relevant to determine
21  Petitioner's correct income tax liability. [Brouse Decl., ¶ 10.]
22                          ***Discussion***
23       Respondent moves to dismiss the petition under Fed. R. Civ. P. 12(b)(1) for lack of
24  jurisdiction.  The IRS notified Petitioner of the third party summons on November 27, 2009. The
25  current petition to quash was not filed until December 21, 2009, 24 days later.  Because § 7609(b)
26  requires any petition to quash to be filed within 20 days after notice is given, the government
27  argues the Court lacks jurisdiction to hear this petition.
28       The United States is immune from suit unless there is a valid waiver of sovereign

1  immunity. Valdez v. United States, 56 F.3d 1177, 1179 (9th Cir. 1995). Section 7609(b) is the

2  exclusive method by which a taxpayer can challenge a summons issued by the IRS to a third-party

3  recordkeeper. Ponsford, 771 F.2d 1305, 1309 (9th Cir. 1985). The procedures for filing a petition

4  to quash are set forth in § 7609(b) as follows:

> (A) In general. – Notwithstanding any other law or rule of law, any person who is entitled to notice of a summons under subsection (a) shall have the right to begin a proceeding to quash such summons not later than the 20th day after the day such notice is given in the manner provided in subsection (a)(2). In any such proceeding, the Secretary may seek to compel compliance with the summons.

8  Pursuant to subsection (b)(2)(A), the petition to quash must be filed within 20 days after

9  notice of the summons is given to the taxpayer. This 20-day period is jurisdictional, and the court

10  must dismiss a petition not filed within that time period. Ponsford, 771 F.2d at 1309; Clay v.

11  United States, 199 F.3d 876, 879 (6th Cir. 1999); Faber v. United States, 921 F.2d 1118, 1119 (10th

12  Cir. 1990). The 20-day time period under § 7609(b)(2)(A) begins to run on the date that notice of

13  the summons is *mailed* to the taxpayer, not the date on which the taxpayer receives the notice.

14  Ponsford, 771 F.2d at 1309; Berman v. United States, 264 F.3d 16, 18-19 (1st Cir. 2001); Clay, 199

15  F.3d at 878; Stringer v. United States, 776 F.2d 274, 275-76 (11th Cir. 1985); 26 C.F.R.

16  § 301.7609-4(b)(2) (requiring that proceeding to quash a summons be instituted "not later than the

17  20th day following the day the notice of the summons was served on or mailed to such person").

18  Thus, the petition here, filed 24 days after the IRS gave notice to Petitioner, was untimely.

19  In her response to the government's motion to dismiss, Petitioner argues the "notice" date,

20  from which the 20 day filing period began running, was not clear. However, it is clear from the

21  face of the petition that Petitioner knew the 20-day time period ran from the date of mailing of the

22  notice, November 27, 2009. See Petition to Quash, p. 4, lines 7-9 ("Plaintiff has timely filed this

23  petition, postmark attesting, within the 20-day period following the date of mailing of the Notices

24  of Summons, November 27, 2009"). Petitioner also argues she was entitled to an additional 3 days

25  to file her petition pursuant to Fed. R. Civ. P. 6(d). However, because the 20-day period under

26  § 7609 is jurisdictional, Petitioner is not entitled to an additional three days for mail service under

27  Rule 6. Clay, 199 F.3d at 880; Brohman v. Mason, 587 F. Supp. 62, 63 (D.N.Y. 1984). Because

28  the petition was not filed within 20-days after the IRS gave notice of the third party summonses,

1 the Court lacks jurisdiction over the petition.

2 Even if the petition had been timely filed, the Court would summarily deny the petition without further briefing or argument. When a party petitions to quash an IRS summons, the government must make a *prima facie* showing the summons was issued in good faith. Stewart v. United States, 511 F.3d 1251, 1254 (9th Cir. 2008). Specifically, the government must show the summons: "(1) is issued for a legitimate purpose; (2) seeks information relevant to that purpose; (3) seeks information that is not already within the IRS's possession; and (4) satisfies all administrative steps required by the United States Code." Fortney v. United States, 59 F.3d 117, 119 (9th Cir. 1995) (citing United States v. Powell, 379 U.S. 48, 57-58 (1964)). "The government's burden is 'a slight one' and typically is satisfied by the introduction of the sworn declaration of the revenue agent who issued the summons that the Powell requirements have been met." Id. at 120.

13 Here, the declaration of Revenue Agent Brouse satisfies each of the Powell requirements. Revenue Agent Brouse issued the summonses to Cabrillo Credit Union in order to ascertain Petitioner's correct income tax liability for the taxable years 2006 and 2007, a purpose explicitly authorized by statute. 26 U.S.C. § 7602(a) (IRS may issue a summons for purposes of "ascertaining the correctness of any return ...."); Crystal v. United States, 172 F.3d at 1141, 1143 (9th Cir. 1999). Petitioner's bank account records and any documents relating to loans she received December 1, 2005 through January of 2008, are relevant to determining her correct income tax liability. The IRS does not have the sought-after information in its possession, and has taken all administrative steps to obtain documents from the third-party recordkeeper. In addition, notwithstanding Petitioner's assertions that the items sought by the summonses are typically used in criminal prosecutions, Revenue Agent Brouse has submitted a declaration indicating there is no Justice Department referral in effect for Petitioner as defined by 26 U.S.C. § 7602(d)(2).

25 Once the government has established the Powell elements, the taxpayer bears a heavy burden of demonstrating the IRS issued the summons in bad faith. Crystal, 172 F.3d at 1144. "'The taxpayer must allege specific facts and evidence to support his allegations' of bad faith or improper purpose." United States v. Jose, 131 F.3d 1325, 1328 (9th Cir. 1997) (quoting Liberty

1 Fin. Servs. v. United States, 778 F.2d 1390, 1392 (9th Cir. 1985)).  Petitioner argues the IRS' bad
2 faith is evidenced by the fact Revenue Agent Brouse did not immediately return her phone calls on
3 December 7 and 8, 2009.  Revenue Agent Brouse did not return Petitioner's phone call until
4 December 14, 2009, after Petitioner sent a certified mail letter requesting additional information.
5 The fact Revenue Agent Brouse did not immediately return Petitioner's phone calls, however,
6 does not demonstrate the summonses were issued for an improper purpose.

Petitioner also argues the IRS has no jurisdiction over her, and no authority to request personal information from third parties.[1]  But Congress has explicitly given the IRS authority and jurisdiction to conduct these types of investigations into the correctness of an individual's reported income tax liability.  Petitioner argues the summonses to Cabrillo Credit Union did not contain a judge's signature or seal as required by Rule 4 of the Federal Rules of Civil Procedure. However, the process by which the IRS may serve a summons on a third party recordkeeper is set forth in 26 U.S.C. § 7609. Nothing in § 7609 requires the IRS to comply with Rule 4 of the Federal Rules of Civil Procedure.

Finally, Petitioner argues the IRS has ordered her to submit attorney-client and work product privileged information.  However, the summonses to the Cabrillo Credit Union call for account statements and loan documentation, information which would not ordinarily fall within the scope of those privileges.  Petitioner has not explained how her Cabrillo Credit Union account and loan information are "confidential communications made by a client to an attorney to obtain legal services." Clarke v. American Commerce Nat'l Bank, 974 F.2d 127, 129 (9th Cir. 1992).

### *Conclusion*

For the reasons set forth herein, the Court finds the current petition was filed more than 20

---

[1] Exhibits A and B to the petition to quash are pages of case citations and quotes devoted to "What is Constitutional 'Income'?" and "Citizenship and Jurisdiction." The Ninth Circuit has rejected arguments that the payment of federal income taxes is purely voluntary.  In re Becraft, 885 F.2d 547, 548 (9th Cir. 1989) (noting that the court "need comment on the patent absurdity and frivolity" of respondent's argument that the Constitution does not authorize Congress to implement an individual income tax); see also Wilcox v. Commissioner, 848 F.2d 1007, 1008 (9th Cir. 1988) (rejecting taxpayer's arguments that payment of taxes is voluntary and that income tax violates the Constitution).  The Ninth Circuit has also rejected as frivolous the argument that individuals living with the Unitd States are not "taxpayers." United States v. Studley, 783 F.2d 934, 937 (9th Cir. 1985).

1  days after the IRS gave Petitioner notice of the third party summonses to Cabrillo Credit Union,
2  such that the Court lacks jurisdiction to quash the summonses.  Even if the Court were to find the
3  petition timely, the government has made a *prima facie* showing that the summonses were issued
4  in good faith and Petitioner has not satisfied the heavy burden of rebutting that showing.
5  Therefore, the Court GRANTS the government's motion and summarily denies the petition to
6  quash.  The Clerk may close this case.

7  **IT IS SO ORDERED**.

8  **DATED:  March 23, 2010**

9  _____
   **IRMA E. GONZALEZ, Chief Judge**
10 **United States District Court**